SARAH E. WILLIAMS v. BENJAMIN W. BAKER ET AL.

LIABILITY OF OBLIGORS ON AN INJUNCTION BOND.

Where, in a proceeding in the common pleas court, in which an injunction is asked for, and afterwards an appeal is taken to the circuit court, the judgment of the common pleas court making the injunction perpetual does not put an end to the liability of the obligors on the injunction bond, but, on the contrary, when it was in effect found by the appellate court that the injunction ought not to have been granted, though there was no express finding of the court that it ought not to have been granted, a right of action arose on the bond against the obligors to recover the damages sustained by the other party by such injunction.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

In this case we are of the opinion that the injunction bond, given by the defendants in error to Sarah E. Williams and others, bound them to pay to the defendants in the case in which it was given the damages which they or either of them might sustain by reason of such injunction, if it was finally decided that the injunction ought not to have been granted. That when the court of common pleas made it perpetual by its final decree, and this decree was appealed from, that this did not operate to put an end to all liability of the obligors; but, on the contrary, when it was in effect found by the appellate court that the claim of the plaintiffs in the original suit was unfounded, and dismissed the petition of the plaintiffs and quieted the title of Sarah E. Williams to the land in question, this was the final decision of the case, and in effect a decision that the injunction ought not to have been granted, though there was no express finding of the court that it ought not to have been granted. And, thereupon, a right of action arose on the bond in favor of plaintiff in error against the obligors to recover the damages she had suffered by reason thereof. And it clearly appearing from the evidence that she did suffer damages by reason of the granting of the original injunction, and the trial court having found in favor of the defendants, the judgment is reversed, with costs.

*Morey, Andrews & Morey,* for Plaintiff in Error.

*Thos. Millikin* and *Edward Belden,* for Defendants in Error.